**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTRELL TEEN, #461504, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-00994-JPG |
| | ) | |
| SGT. MASSE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Antrell Teen, who is currently detained at St. Clair County Jail ("Jail"), filed a

civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights

at the Jail. *Teen v. John Doe #1*, No. 18-cv-568-JPG-RJD (S.D. Ill.) ("original action"). The

Court severed the claims in the original action into seven additional cases pursuant to *George v.*

*Smith*, 507 F.3d 605 (7th Cir. 2007). (Doc. 2). The instant case addresses two retaliation claims

("Counts 6 and 7") against Sergeant Masse. (Doc. 2, pp. 7, 10; Doc. 2-1, p. 8). In connection

with these claims, Plaintiff seeks monetary damages against the defendant. (Doc. 2, p. 11).

This severed case is now subject to preliminary review pursuant to 28 U.S.C. § 1915A,

which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be
>> granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Counts 6 and 7 do not survive screening under this standard and shall be dismissed.

### The Complaint

On October 4, 2017, Plaintiff allegedly gave legal mail to C/O Jerry[1] for delivery to the district court. (Doc. 2, p. 7). The mail did not actually reach the court until October 25, 2017. *Id*. The "normal uninterrupted time" for mail to reach the court is two days. *Id*. In November 2017, C/O Carter[2] also delayed the delivery of Plaintiff's legal mail for more than two weeks. *Id*.

During this general time period, Plaintiff was subject to a deadline for filing an amended complaint in *Teen v. Peebles*, Case No. 17-cv-593-JPG-SCW (S.D. Ill.). (Doc. 2, p. 7). He had to prepare and file the amended complaint in only three days, in order to meet the court-imposed

---

[1] C/O Jerry is not named as a defendant in the Complaint. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims against C/O Jerry should be considered dismissed without prejudice from this action.
[2] C/O Carter is also not named as a defendant in the Complaint, and any claims against this individual should be considered dismissed without prejudice. *See id.*

deadline. *Id*. The delays caused his amended complaint to reach the court too late, and his case was dismissed. *Id*. Plaintiff's appeal was adversely impacted by these delays and also dismissed. *Id*. Sergeant Masse and C/O Walt[3] were supervisors in charge of mail during both incidents and were allegedly responsible for the constitutional deprivations. *Id*. Plaintiff alleges that the delays were retaliatory in nature and aimed at preventing him from succeeding with his civil complaints. *Id*.

Plaintiff also alleges that on November 7, 2017, Sergeant Masse slammed a window shut in Plaintiff's face while he was speaking with a nurse on AB-Block about a medical concern. (Doc. 2, p. 10; Doc. 2-1, p. 8). As a result, Plaintiff was unable to obtain information or medical care from the nurse. *Id*. Plaintiff maintains that Sergeant Masse's conduct was discriminatory and retaliatory. *Id*.

## Discussion

This severed case focuses on the following claims against Sergeant Masse, which were designated as "Counts 6 and 7" in the original action:

**Count 6:** First Amendment retaliation claim against Masse for delaying Plaintiff's outgoing and incoming legal mail in November 2017, in an attempt to interfere with Plaintiff's pending lawsuit.

**Count 7:** First Amendment retaliation claim and deliberate indifference to medical needs claim against Masse for preventing Plaintiff from speaking to a nurse about his medical issues on November 7, 2017.

(*See* Doc. 2, pp. 7, 10; Doc. 2-1, p. 8). The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

---

[3] C/O Walt is not named as a defendant, and all claims against this individual are considered dismissed without prejudice. *Id*.

**Count 1**

In order to state a claim under the First Amendment for retaliation, a plaintiff "must show that he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two." *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). In connection with Count 1, Plaintiff claims that he engaged in protected activity because he was attempting to send legal mail to the district court, and Sergeant Masse supervised those individual officers who prevented him from sending the mail. (Doc. 2, p. 7). It is true that inmates have a First Amendment right to send and receive mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). This First Amendment right extends to both non-legal and legal mail. *Id*. When analyzed under the First Amendment, the question is whether the conduct "chills the individual's ability to engage in protected speech." *Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010); *Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir. 2000). An inmate's legal mail receives greater protection than his non-legal mail because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782. Prisoners often bring civil suits against prison officials at prisons where they are incarcerated, so the Court is concerned about situations in which prison officials open and read legal mail offering insight into the prisoner's case. *Guajardo-Palma*, 622 F.3d at 802 (citations omitted). Against the legal backdrop, the Court finds that Plaintiff engaged in protected activity when he attempted to send mail to the court.

Even so, Count 1 does not survive preliminary review because the claim against Sergeant Masse is based entirely on his supervisory role in the mailroom. Plaintiff does not allege that

this defendant prevented him from sending or receiving court mail. He alleges that Sergeant Masse supervised the individuals who interfered with his mail. (Doc. 2, p. 7). Sergeant Masse's supervisory role, standing alone, does not give rise to a constitutional claim. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff must explain, in basic terms, how Sergeant Masse's action or inaction amounted to retaliation or resulted in some other deprivation of Plaintiff's constitutional rights. Because he did not do so, this claim cannot proceed against the defendant.

Although Plaintiff identified other individuals who were more directly involved in the interference with Plaintiff's mail (*e.g.*, C/O Jerry, C/O Carter, and C/O Walt), Plaintiff did not name these individuals as defendants in the Complaint. The claims against them are considered dismissed without prejudice from this action.

**Count 2**

Count 2 shall also be dismissed against Sergeant Masse. Plaintiff offers insufficient allegations to support a claim of retaliation against the defendant. He simply states that Sergeant Masse slammed a window that Plaintiff was using to communicate with a nurse about a medical concern. In conclusory fashion, Plaintiff characterizes this conduct as retaliatory and discriminatory in nature. However, Plaintiff cannot rely on conclusory allegations or legal statements when bringing a claim under § 1983. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.

2009).  In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action.  The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s).  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice.  *Id.*  Because the allegations fall short of this standard, Count 2 shall be dismissed without prejudice against Sergeant Masse for failure to state a claim upon which relief may be granted.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 6** and **7**, the only claims at issue in this severed case, are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his claims in Counts 6 or 7, within 35 days of the entry of this order (on or before **June 27, 2018**).  Plaintiff is cautioned that in order to state a viable claim, he must identify the individual defendant(s) who were directly responsible for any alleged constitutional deprivations at the Jail.  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Failure to file an

amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 23, 2018**

<u>**s/J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**United States District Judge**