**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTRELL TEEN, #461504,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 18-cv-00994-JPG** |
| | ) | |
| **SGT. MASSEY,** | ) | |
| **SGT. BOUTNAM/BAJACK,** | ) | |
| **and LIEUTENANT PUNNIER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Now before the Court for preliminary review is the First Amended Complaint filed by

Plaintiff Antrell Teen on June 8, 2018. (Doc. 9). This case was severed from a civil rights

action that Plaintiff filed pursuant to 42 U.S.C. § 1983 to address deprivations of his

constitutional rights at St. Clair County Jail ("Jail"). *Teen v. John Doe # 1*, No. 18-cv-568-JPG-

RJD (S.D. Ill.). This severed case focuses on two claims against Sergeant Massey:

> **Count 6:** First Amendment retaliation claim against Massey for delaying Plaintiff's outgoing and incoming legal mail in November 2017 in an attempt to interfere with Plaintiff's pending lawsuit.

> **Count 7:** First Amendment retaliation claim and deliberate indifference to medical needs claim against Massey for preventing Plaintiff from speaking to a nurse about his medical issues on November 7, 2017.

(Doc. 2, pp. 7, 10; Doc. 2-1, p. 8). Neither claim survived preliminary review. (Doc. 7). Counts

6 and 7 were dismissed without prejudice on May 23, 2018, and Plaintiff was granted leave to re-

plead both claims. *Id.* He responded by filing the First Amended Complaint. (Doc. 9).

In it, Plaintiff abandons Count 6 against Sergeant Massey and focuses on Count 7 instead.

(Doc. 9, p. 6). In addition, he brings an unrelated claim against two new defendants, Sergeant

Boutnam/Bajack and Lieutenant Punnier. (Doc. 9, pp. 1, 6). For the reasons discussed below, Counts 6 and 7 shall be dismissed with prejudice, and the new claim shall be dismissed without prejudice to Plaintiff pursuing relief in a separate action. Finally, the dismissal of this case shall result in the assessment of Plaintiff's third "strike" under 28 U.S.C. § 1915(g).

## Merits Review Under 28 U.S.C. § 1915A

Section 1915A provides that:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>    (2) seeks monetary relief from a defendant who is immune from such relief.

At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

## Discussion

### Count 6 – Retaliation Claim Against Massey

Plaintiff sets forth no allegations in support of Count 6 in the First Amended Complaint. (Doc. 9). He has abandoned the claim, which was dismissed as meritless at screening. (Doc. 7). Because Count 6 still states no claim upon which relief may be granted, this claim shall be dismissed with prejudice.

**Count 7 – Retaliation Claim against Massey**

In support of Count 7,[1] Plaintiff alleges that Sergeant Massey closed a chuck hole door in AB-Block while he was using it to speak with a nurse about a medical concern on or around November 7, 2017. (Doc. 9, p. 6). Sergeant Massey's conduct allegedly "prevent[ed] and delay[ed]" Plaintiff from obtaining "medical help" for an unspecified condition. *Id*. Plaintiff characterizes Sergeant Massey's conduct as retaliatory. *Id*.

Plaintiff set forth the same allegations against Sergeant Massey in the original Complaint and the First Amended Complaint. (Doc. 2, p. 10; Doc. 2-1, p. 21; Doc. 9, p. 6). As the Court already explained in the Order dismissing this claim, Plaintiff cannot rely on conclusory legal assertions when bringing a retaliation claim under § 1983. (Doc. 7, pp. 5-6) (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). It is also not enough to simply state the cause of action. Plaintiff is required to briefly describe the reason(s) for the retaliatory action and "the act or acts claimed to have constituted retaliation." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). In conclusory fashion, Plaintiff states that Sergeant Massey's conduct was retaliatory. (Doc. 9, p. 6). He vaguely alludes to his own "past complaints." *Id*. However, Plaintiff does not explain what "past complaints" prompted the sergeant's conduct. *Id*. The allegations are too threadbare to state a retaliation claim, even at this early stage.

Further, Count 7 does not articulate a constitutional claim against Sergeant Massey for the denial of medical care—under the Eighth Amendment standard that is applicable to convicted persons or the less demanding Fourteenth Amendment standard that is applicable to pretrial detainees. *See Miranda v. County of Lake*, -- F.3d --, 2018 WL 3796482 (7th Cir. Aug. 10, 2018) (applying an "objective reasonableness" standard to the medical claim of a pretrial detainee under Fourteenth Amendment instead of the deliberate indifference standard that is

---

[1] In the First Amended Complaint, Plaintiff refers to this claim as "Count 1." (Doc. 9, p. 6).

applicable to Eighth Amendment claims brought by prisoners). Plaintiff draws no connection in the First Amended Complaint between the sergeant's conduct (i.e., slamming the chuck hole door) and his own need for medical care or access to treatment. (Doc. 9, p. 6). He describes no medical condition (urgent or otherwise), identifies no treatment that was obvious or necessary, and points to no actual impediment to his receipt of timely medical care. *Id*. His allegations do not satisfy the pleading standards described in *Twombly* or state a plausible claim. Count 7 does not survive screening against Sergeant Massey and shall also be dismissed with prejudice.

### New Claim Against Boutnam/Bajack/Boujack

For the first time in the First Amended Complaint, Plaintiff adds a claim[2] against a new group of defendants (Sergeant Boutnam/Bajack/Boujack and Lieutenant Punnier) for transferring him to A-Block, where the cell doors do not lock. (Doc. 9, p. 6). Plaintiff complained about his safety concerns regarding A-Block to Sergeant "Boutnam/Bajack/Boujack" and Lieutenant Michael Punnier, when he was previously housed there. *Id*. He does not describe their response to his complaints or explain their role in a transfer decision. *Id*. Plaintiff simply characterizes the decision to transfer him back to A-Block as retaliatory. *Id*.

Plaintiff was not granted leave to bring this new claim in his First Amended Complaint. Moreover, the claim is not properly joined with Counts 6 and 7 against Sergeant Massey. *See* FED. R. CIV. P. 18, 20-21. Rule 20(a)(2) provides that multiple defendants may be joined in one action, only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A)-(B). Rule 18 allows a party asserting a claim to join, as independent

---

[2] Plaintiff refers to this claim as "Count 2," probably because the Court inadvertently referred to it as "Count 2" *and* "Count 7" in the Order dated May 23, 2018. *Id*. Consistent with the Memorandum and Severance Order, the claim shall be referred to as Count 7 herein.

or alternative claims, as many claims as it has against an opposing party. Fed. R. Civ. P. 18. Finally, Rule 21 authorizes the Court "at any time, on just terms" to add or drop a party and/or sever any claim against a party. Fed. R. Civ. P. 21.

Rules 18, 20, and 21 give district courts "considerable flexibility" in managing civil litigation. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). However, this flexibility is not unlimited. *Id.* The Seventh Circuit has repeatedly emphasized that "[u]nrelated claims against different defendants belong in different suits." *Id.* at 863 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir 2007)). This is not only to ensure that prisoners pay the required filing fees for each suit but also to prevent them from dodging the assessment of a "strike" under 28 U.S.C. § 1915(g). *George*, 507 F.3d at 607. By bringing this new claim involving different defendants, a different transaction or occurrence, and a different time period, Plaintiff appears to be doing just that—attempting to avoid a filing fee and a potential strike.

The remedy for misjoinder is severance or dismissal without prejudice. *Lovell*, 888 F.3d at 863. In this case, the Court finds that the most appropriate remedy is dismissal without prejudice. If Plaintiff wishes to pursue relief against Sergeant Boutnam/Bajack/Boujack and Punnier, he must do so in a separate action.

### Disposition

**IT IS HEREBY ORDERED** that this action, which consists only of **COUNTS 6** and **7**, is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the unrelated claim(s) against **SERGEANT BOUTNAM/BAJACK/BOUJACK** and **LIEUTENANT PUNNIER** are improperly joined in this action and are **DISMISSED** without prejudice. Plaintiff may pursue relief against these individuals, if at all, in a separate action. *See* Fed. R. Civ. P. 18, 20-21.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Further, because two of Plaintiff's previously-filed lawsuits[3] have also been dismissed pursuant to § 1915A, the dismissal of this case gives Plaintiff his third "strike."  28 U.S.C. § 1915(g).  Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury."  *Id.*  If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See id.*; *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 27, 2018**

**s/J. Phil Gilbert**
**J. PHIL GILBERT**
**United States District Judge**

---

[3] *Teen v. Peebles*, No. 17-cv-00593-JPG (S.D. Ill., dismissed Sept. 29, 2017) (strike 1); *Teen v. Cruse*, No. 18-cv-01317-SMY (S.D. Ill. dismissed July 20, 2018) (strike 2).